**Opinion filed July 10, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00020-CR

_____

## JANA MARIE RAMIREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 19-8095**

## M E M O R A N D U M   O P I N I O N

Appellant, Jana Marie Ramirez, was charged with the third-degree felony offense of possession of a controlled substance, namely, methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West Supp. 2025). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court placed Appellant on deferred adjudication community supervision for a period of three years. Less than two years later, the State filed an application to adjudicate

Appellant's guilt, alleging that she had violated conditions of her community supervision. Upon the conclusion of a contested hearing held nearly four years later, the trial court found several allegations to be "true," adjudicated Appellant guilty, and assessed her punishment at imprisonment for ten years in the Institutional Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel states that he has professionally and conscientiously examined the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a response to counsel's *Anders* brief. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine whether: (1) the appeal is wholly frivolous and, if so, issue an opinion explaining that it has independently reviewed the record and finds no reversible error; or (2) arguable grounds for appeal exist and, if so, remand the cause to the trial court for appointment of new appellate counsel who will be instructed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe*, 178 S.W.3d 824, 826–27 & n.6.

Here, the record reflects that Appellant knowingly, intelligently, and voluntarily entered into a plea agreement with the State and was placed on a three-year term of deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2025), art. 42A.101 (West 2018). The State subsequently filed a motion to adjudicate, alleging that, in violation of her community supervision conditions, Appellant had consumed alcoholic beverages and used controlled substances (Nos. 4a–4e); failed to report to her community supervision officer on two separate occasions (No. 7); traveled out-of-state without permission (No. 12); failed to complete 150 community service project hours (No. 19); was unsuccessfully discharged from an out-patient treatment alternative to incarceration program (TAIP) due to substance abuse (No. 20); and failed to submit to drug testing for the months of February through June and September through December of 2020 and January of 2021 (No. 27).

At the revocation hearing, Appellant made no entry of "not true" or "true" to the allegations set forth in the State's motion. However, there is no requirement that a defendant on community supervision enter a plea to allegations in the State's motion to adjudicate. *See Detrich v. State*, 545 S.W.2d 835, 837 (Tex. Crim. App. 1977) (holding that due process does not require a plea be entered in a hearing on a motion to revoke community supervision); *Moore v. State*, No. 14-14-00350-CR, 2015 WL 4141100, at *3 (Tex. App.—Houston [14th Dist.] July 9, 2015, pet. ref'd) (mem. op., not designated for publication) (concluding the same); *Ramirez v. State*, No. 02-22-00083-CR, 2023 WL 5114191, at *1 n.1 (Tex. App.—Fort Worth Aug. 10, 2023, no pet.) (mem. op., not designated for publication) ("In the context of a revocation proceeding, [the defendant's] failure to enter a plea is immaterial.").

The State called Julie Miller, Appellant's community supervision officer, who testified regarding all the violations alleged in the State's motion. Miller stated that Appellant admitted to using alcohol, cocaine, and methamphetamine while on probation, and Appellant's signed admission form was admitted into evidence at the hearing. Miller also testified, against Appellant's objections, that Appellant repeatedly tested positive for methamphetamines, as well as other drugs. Miller further stated that Appellant had traveled out-of-state without permission, performed only fifteen out of her required 150 community service project hours, and had been discharged unsuccessfully from TAIP due to her continued substance abuse. According to Miller, Appellant absconded after being discharged and thereafter failed to report to community supervision or comply with the drug patch program. Appellant herself admitted to using drugs while on probation and testing positive as reflected in the State's admitted exhibits. At the conclusion of the hearing, the trial court found "true" allegations 4b, 4c, 4e, 7, 12, 19, 20, and 27 and "not true" allegations 4a and 4d.

We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Leonard v. State*, 315 S.W.3d 578, 579 (Tex. App.—Eastland 2010), aff'd, 385 S.W.3d 570 (Tex. Crim. App. 2012). In this regard, Miller's unobjected-to testimony that Appellant violated several of the terms of her community supervision, coupled with Appellant's own concessions, is sufficient to support a trial court's decision to revoke Appellant's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Falls v. State*, No. 01-23-00788-CR, 2025 WL 1738313, at *4 (Tex. App.—Houston [1st Dist.] June 24, 2025, no pet.) (mem. op., not designated for publication) ("[B]ecause a single violation would have provided grounds for revocation, Falls's admission during his testimony to multiple violations means the trial court did not abuse its discretion in

revoking his community supervision."); *Bland v. State*, No. 11-08-00023-CR, 2008 WL 4684668, at *2 (Tex. App.—Eastland Oct. 23, 2008, no pet.) (mem. op., not designated for publication) (concluding a probation officer's testimony that appellant had tested positive was sufficient evidence to support a finding that appellant had violated his community supervision terms).

Finally, although Appellant was not adjudicated until after her period of deferred adjudication community supervision had expired, the record reflects that the State filed its motion to adjudicate and a capias was issued before the expiration of Appellant's supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(c).

Based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1] Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

July 10, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.